STATE, plaintiff below respondent, *vs.* THOMAS H. DONAGHY, defendant below appellant.

**1. CRIMINAL LAW—SUMMARY CONVICTION—APPEAL—NEW INFORMATION.**

*Const. art.* 4, §30, provides that the General Assembly may, by law, regulate the jurisdiction of inferior courts and justices of the peace, and provide that the proceedings shall be with or without indictment by grand jury or trial by petit jury, and may grant or deny the privilege of appeal to the Court of General Sessions, provided, however, that there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month or a fine exceeding $100. *Held,* that

appeals taken under the section should be tried *de novo* in the Court of Genera Sessions on information filed by the Attorney General, based upon the transcript of the record of the court below.

2. CRIMINAL LAW—SUMMARY CONVICTION—APPEAL—NEW INFORMATION—DIFFERENT OFFENSES.

In a prosecution for neglect to support defendant's minor child, where the information in the Municipal Court, on which defendant was tried, charged him with having "unlawfully, without just cause, willfully neglected to provide," etc., the Attorney General's information in the Court of General Sessions, on defendant's appeal, under *Const. art.* 4, §30, setting forth that such "willful neglect to provide" was "without lawful excuse," did not state a different offense.

3. CRIMINAL LAW—SUMMARY CONVICTION—APPEAL—NEW INFORMATION—DIFFERENT OFFENSES.

In a prosecution for neglect to suppotr defendant's minor child, where the information in the Municipal Court failed to set out the name of the child, the information filed by the Attorney General in the Court of General Sessions, on defendant's appeal, which set out the child's name, did not state a different offense.

4. CRIMINAL LAW—SUMMARY CONVICTION—APPEAL—NEW INFORMATION—DIFFERENT OFFENSES.

In a prosecution for neglect to support defendant's minor child, where the information in the Municipal Court charged only "willful neglect to provide," the Attorney General's information in the Court of General Sessions, on defendant's appeal, charging defendant with having deserted his minor child, and with having refused to provide for his support and maintenance, was for a distinct offense from that charged in the Municipal Court.

(*December 9, 1915.*)

Judges RICE and HEISEL sitting.

*James I. Boyce* for appellant.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for respondent.

Court of General Sessions, New Castle County, November Term, 1915.

APPEAL from The Municipal Court for the City of Wilmington, to the Court of General Sessions, No. 49, May Term, 1915.

Information on appeal from the said Municipal Court, No. 49, May Term, 1915. Motion to quash refused. Then on demurrer. Sustained in part, and overruled in part. S. c. on the merits, *post*.

Appeal by Thomas H. Donaghy from the judgment of the Municipal Court for the City of Wilmington, adjudging him

guilty, after hearing on information filed in said Municipal Court, charging that at Wilmington, within the jurisdiction of said court he * * * "did unlawfully without just cause, willfully neglect to provide for the support and maintenenace of *his minor child* under sixteen years of age, in destitute and necessitous circumstances, against," etc. The record sent up shows that a motion was made in the Municipal Court to quash the information which was denied; and that the accused was sentenced to pay a fine of two hundred dollars and the costs of prosecution, amounting to the sum of one hundred and eighteen dollars and eighty-four cents, and he was further ordered "to pay * * * the sum of six dollars per week for the support and maintenance of his minor child," etc.

The Attorney General filed a new information in the Court of General Sessions, containing six counts. The first count charges that Thomas H. Donaghy, late of, etc., on, etc., at, etc. with, etc., "unlawfully and without lawful excuse did willfully neglect to provide for the support and maintenance of *his child, to wit, one Henry Donaghy*, he, the said Thomas H. Donaghy being then and there a parent of the *said Henry Donaghy*, and the said *Henry Donaghy* being then and there the legitimate child of the said Thomas H. Donaghy, and being then and there a minor under sixteen years of age, and being then and there in destitute circumstances, against," etc.

The second count charges like the first, except as to the time laid. The third count charges that * * * "unlawfully and without lawful excuse did desert his child, to wit, one Henry Donaghy." *. * * The fourth count charges that * * * "unlawfully and without lawful excuse, did refuse to provide for the support and maintenance of his child," to wit, one Henry Donaghy. The fifth count charges like the third, and the sixth, like the fourth, except as to the time laid.

Counsel for the accused moved to set aside the information filed for irregularity, on the ground that the information and each count thereof, fails to correspond with the record of the prosecution below in the cause of action. The motion was refused. Subsequently counsel for the accused demurred to the information,

and each of the counts thereof.    After argument on the demurrer, the court announced its opinion, ordering that the demurrer be overruled as to the first and second counts, and sustained as to the third, fourth, fifth and sixth counts.

HEISEL, J. delivering the opinion of the court:

Demurrer to an information filed by the Attorney General in an appeal from the Municipal Court of the City of Wilmington, to the Court of General Sessions under the provisions of *Article* 4, § 30, of the Constitution.

The information below charged:

"That Thomas H. Donaghy, late of Wilmington, in the county aforesaid, on the first day of May in the year of our Lord one thousand nine hundred and thirteen at said Wilmington, and within the jurisdiction of said Municipal Court, did unlawfully, without just cause, willfully neglect to provide for the support and maintenance of his minor child under sixteen years of age in destitute and necessitous circumstances, against the form of the act," etc.

The transcript shows that on the third day of March, 1915, the defendant below appellant was adjudged guilty, and sentenced, *inter alia*, to pay a fine of two hundred dollars and the costs of prosecution.

On the same day the defendant below appellant appealed from the judgment of the Municipal Court and entered into proper recognizance to prosecute said appeal and to abide by any judgment which might be rendered in this court against him.

Upon the record sent up, the Attorney General filed a new information containing six counts, to which information, counsel for appellant entered a general demurrer, alleging as his grounds of demurrer:

(1)    That upon an appeal to the Court of General Sessions under the provisions of *Article* 4, *Section* 30, of the *Constitution of* 1897, no new information may be filed by the Attorney General, but the case must proceed upon the record of the court below.

(2)    That the information filed by the Attorney General fails to correspond with the record of the prosecution below in the cause of action.

(3)    That each count of the said information fails to corre-

spond with the record of the prosecution below in the cause of action.

(4) That the issues which would be raised upon the said information and each count thereof, are not the issues which were raised before the said Municipal Court.

(5) That the first and second counts in the said information fail to state a cause of action against the form of any act of the General Assembly.

(6) That the third and fifth counts in the said information do not plainly and fully inform the accused of the nature and cause of the accusation against him.

That part of *Article* 4, § 30, applicable to this case is as follows:

"The General Assembly may by law regulate this jurisdiction [inferior courts and justices of the peace], and provide that the proceedings shall be with or without indictment by grand jury, or trial by petit jury, and may grant or deny the privilege of appeal to the Court of General Sessions; provided, however, that there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding one hundred dollars."

*Chapter* 262, § 1, *Vol.* 27, *Laws of Delaware*, now *Section* 3034, *Code of* 1915, under which the appellant was convicted, provides:

"Any husband who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, shall be guilty of a misdemeanor;" and upon conviction may be fined not exceeding five hundred dollars or imprisoned not exceeding one year, or both."

Upon his first ground of demurrer counsel for appellant contends that, in appeals under *Article* 4, §30, of the *Constitution*, the case is not tried *de novo*, either as to the pleadings or as to the evidence, but that the judgment below must be affirmed or reversed upon the law and facts as disclosed by the record sent up.

While neither by the Constitution nor by statute, has the procedure upon appeals under said *section* 30 been provided for, an examination of the numerous acts of the Legislature giving the

right of appeal to the Court of General Sessions from Justices of the Peace, clearly indicates that such procedure should follow the practice in civil appeals to the Superior Court. In some instances the Legislature has provided, that in appeals in criminal cases, the defendant "shall tender proper security for the payment of the fine and costs as in civil cases." In other instances, the statute has provided that upon appeal the Attorney General shall appear and prosecute the case.

[1] It seems, that in such cases as have been appealed from the Municipal Court to this court, the practice has been for the prosecution to proceed upon information filed by the Attorney General. For these reasons, we are satisfied that appeals taken under *Article* 4, § 30, of the *Constitution* should be tried *de novo*, both as to pleading and evidence, as in civil suits. That is, it should be tried in this court, *de novo*, upon information filed by the Attorney General, based upon the transcript of the record of the court below.

We now come to consider the other causes of demurrer, which are based upon alleged deficiencies in the information filed by the Attorney General.

The objection to the first count is, that in the information below, upon which the appellant was tried, he was charged with having "unlawfully without just cause, willfully neglected to provide," etc., whereas the information in this court sets forth, that such "willful neglect to provide" was "without lawful excuse," and that therefore there is such a variance from the information below as to make the first count objectionable.

[2] The information filed by the Attorney General followed the statute. If the Attorney General has the right to file a new information on appeals, he has the right to file a proper one under the statute, so long as he does not state a different cause of action or offense. We think he has not stated a different offense in the first count of his information, from that stated in the information below.

[3] The same reasoning applies to the objection to the second count. In the information filed below, the name of the child, which appellant is charged with neglecting to support, was not

set out, while in the information filed by the Attorney General the child's name is set out.    This does not change the offense charged in the information below, but sets it out more specifically.    If it could have any effect, it would be to limit the scope of the evidence necessary to be met by appellant, and would be to his advantage rather than to his disadvantage.

In the third and fifth counts of the information filed by the Attorney General, the appellant is charged with having *deserted* his minor child; and, in the fourth and sixth counts, with having *refused* to provide for the support and maintenance of his child.

The information below charged only "willful neglect to provide."    Does such a charge include "to desert" or "refusal to provide," or are they separate and distinct offenses under the statute?

The statute provides that:

"Any parent who shall, without lawful excuse, *desert* or *willfully neglect* or *refuse to provide* for the support and maintenance," etc.

[4]    We think to *desert* a child or to *refuse* to support a child are distinct offenses, under the statute, from willfully neglecting to support; and not having been charged in the information below, they cannot be charged in the information filed upon appeal.

We therefore order that the demurrer be overruled as to the first and second counts and sustained as to the third, fourth, fifth and sixth counts.